CHRIS SULLIVAN, ESQ.
SULLIVANBROWN
Nevada State Bar #8278
332 South Jones Blvd.
Las Vegas, Nevada 89107
(702) 471-0112

IAN CHRISTOPHERSON, ESQ.
Nevada Bar No. :#3701
Christopherson Law Offices
3430 East Flamingo Road, #212
Las Vegas, NV 89121
(702) 385-9094

Attorneys for Debtor Juan C. Bracamontes-Galindo

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re ) | Adversary Case No. 10-01206-bam |
| ) | |
| JUAN C. BRACAMONTES-GALINDO ) | Chapter 7 Bankruptcy |
| ) | Case No. 10-17804-bam |
| Debtor. ) | |
| ) | |
| MARCELINO MARTINEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |

**REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT AND ORDER; AND OPPOSITION TO COUNTERMOTION TO REMAND OR IN THE ALTERNATIVE, ABSTAIN FROM HEARING THE MATTER OR EXERCISE JURISDICTION OVER THE ADVERSARIAL PROCEEDING**

Comes now Juan C. Bracamontes, (the "Debtor") in the above-captioned proceeding, files this Reply (the "Reply") to Motion for Relief From Judgment and Order and Opposition to Countermotion to Remand or in the Alternative, Abstain from Hearing the Matter or exercise Juristiction over the Adversal Proceeding set for June 30, 2010 before Judge Bruce A. Markell and Motion to Consolidate filed cases (the "Motion").

## NEVADA REVISED STATUTES CHAPTER 40

In reviewing the order of the Court filed January 30, 2010, prepared by Mr. Perez, there is one glaring omission exists with respect to unlawful detainer: there is no finding of fact or conclusion of law that Bracamontes is guilty of unlawful detainer. NRS Chapter 40 does not apply.

While the conclusions state that Bracamontes has no possessory rights to the property, is in breach of contract, and owes money, and that notices were sent pursuant to the unlawful detainer action (see page 4 of the Findings of Fact, Conclusions of Law and Order Granting Summary Judgment in Plaintiff's Favor on all Causes; **Exhibit "1"** of Martinez's brief), the language necessary to issue the writ that Bracamontes was guilty of unlawful detainer is not found in the order.

Looking at Martinez's Third Cause of Action in his Verified Complaint (**Exhibit "2"** of the Opposition/Countermotion for the Relief of Judgment), he alleges jurisdiction under NRS Chapter 40 and allege that he has stated grounds for a permanent writ of restitution (see page 3 and 4). Martinez asserts that because he received a permanent writ as opposed to a temporary writ under the guise of a summary judgment, that somehow validates the district court's decision.

The applicable portions of NRS Chapter 40 start at 40.215 which sets forth what types of situations Chapter 40 applies to.

In summary, 40.230 provides for application in cases of forcible entry, and 40.250, 40.251, and 40.252 provide for application in situations of rent.

NRS 40.255 provides for application where property has been sold.

Nowhere in NRS Chapter 40 does it provide for an unlawful detainer action be brought in the case, as here, of a civil dispute arising out of a contract where no foreclosure has occurred and no right to immediate possession has been obtained.

The clear language of the Complaint and the contract places the Debtor, Juan Bracamontes-Galindo, in legal possession of the property.  A breach of contract or failure to pay the note does not give a right of possession to Martinez.  As of this date there is no legal right of possession which flows from default or an unsecured note.

The documents clearly do not make the possession a rental, and the contracts in question to not provide for surrender of the property or conversion to a rental upon default. Lippis v. Peters, 112 Nev. 1008, 921 P.2d 1248 (1996), clearly establishes that due process applies to eviction in Nevada.

In order for Bracamontes to be evicted, as the Complaint sounds in contract, Martinez must first get a judgment and proceed to a sale, at which time NRS Chapter 40 would provide a remedy or obtain a declaratory judgment.  It does not apply to a mere breach of contract, and the contract provides no basis for eviction, let alone the summary eviction set forth in the orders.  A declaration of a right to possession only commences the unlawful detainer, it does not resolve it.

Making the jump from a breach of contract to an unlawful detainer remedy, a writ of restitution, was the basis for a void order.

Thus, either NRS 40.300 was not complied with or the order is void and subject to being set aside pursuant to FRCP 60.

**DAMAGES**

Again, Martinez claims that there is adequate justification for an award of $42,500 in damages.

Reading the documents submitted by Martinez in the underlying court, the finding of fact on damages states that it is equating 17 months for which Plaintiff has been denied use of the property, according to the damages of $2,500 times 17 months for a total of $42,500.

That damage figure is the same amount of interest to be paid under the contract.

There is no finding that the reasonable rental value of the property was $2,500.

The Order does not calculate contact damages but loss of use damages. There is nothing which supports the Court's calculation that the loss of use had a value of $2,500 a month. That is the figure alleged to be the interest on the loan.

Martinez also protests that it would be an ethical violation to ask for anything other than damages over $10,000.

The rule, however, does not apply to special damages; rather it applies to general damages.

Calculations based thereupon of special damages are properly specified in the Complaint. The position of Martinez that it would be a violation of Nevada rules to have stated a specified amount of damages would be incorrect.

General damages must be pled in terms of excess of $10,000. Special damages and economic damages, however, should be pled with specificity.

The court could not enter, based upon the Complaint and pleadings, and the absence of evidence on the amount of damages, the award for $42,500.

The affidavit of Mr. Martinez does not state the reasonable rental value (see paragraphs 5, 8, and 12 of the Affidavit of Marcelino Martinez; Martinez's Opposition **Exhibit "3"**).

The $2,500 figure is a figure taken from the contract, and at no point are damages supported in that amount.

## **THE ORDER WAS OBTAINED BY A FRAUD**

The "Agreement to Sell Property" (Martinez Complaint **Exhibit "4"**) is a forgery, and per Torrealba v. Kesmetis, 178 P.3d 716 (Nev. 2008), Martinez cannot benefit thereby.

The document is clearly forged as it refers to a payment being made on November 1, 2005, but it was notarized on September 29, 2005.

Clearly the document is fraudulent and must be ignored and in that it served as the basis for the order in question, the order was obtained by a fraud.

## OPPOSITION TO COUNTERMOTION

The Countermotion errs with respect to the merits

Martinez asserts in his countermotion his claim is meritorious based on a forged document claiming title would pass on final payment.

As noted above, this is a facial forgery, and the remaining documents are indicative of a completed sale and a breach by Martinez.

Of note here is that the Martinez claims there were admissions that title would not pass until the final payment because in his answer he admitted that under the terms of one of four documents title would not transfer until the last payment. A question of fact exists with respect to what contract is the final contract, as there were several documents dated September 29, 2005, including the Agreement to Sell Property containing that language, Real Estate Purchase Contract Residential (**Exhibit "5'**), a Consumer Loan Agreement (**Exhibit "6"**), and a Promissory Installment Note (**Exhibit "7"**). Taken together in a logical context it would appear that the execution of the Promissory Note completed the contract for sale. In which these here document take priority. This will need to be addressed by the Court in the future. As noted, Exhibit "1" is self contradictory.

The documents contain an Agreement to Sell Property and a Real Estate Purchase Contract Residential.

The "Agreement" is for $30,000 more than the "Contract." Both are signed the same day.

It appears from the documents that the Agreement is superseded by the Contract or is fraudulent and clearly is void on its face as it states that payment was made on November 1, 2005, but the document is notarized September 29, 2005.

The terms of the Contract were fulfilled by the execution of the note.

The Agreement is a forgery as it acknowledges a payment of $30,000 on November 1, 2005, on a document notarized on September 29, 2005. The Agreement is fraudulent and cannot be enforced.

### THE MATTER IS A CORE PROCEEDING

Since the last court hearing in addition to the motion now before the court, Bracamontes has filed amended schedules listing the property as an asset.

Bracamontes has filed before the hearing a motion for leave to file an amended answer and counterclaim against Martinez.

While the substance of this action has always been a CORE proceeding, any questions as to whether or not this is a core proceeding are resolved thereby. See part (C) 28 U.S.C. 157(b)(2)C)(E).

This Court should retain jurisdiction and allow the answer and counterclaim to be filed, which will be before the Court at the time of hearing hereon.

DATED this 4th day of August, 2010.

SULLIVAN BROWN by
CHRISTOPHERSON LAW OFFICES


 /s/  Ian Christopherson
IAN CHRISTOPHERSON, ESQ.
Nevada Bar #3701
3430 East Flamingo Road, #212
Las Vegas, NV  89121

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT AND ORDER; AND OPPOSITION TO COUNTERMOTION TO REMAND OR IN THE ALTERNATIVE, ABSTAIN FROM HEARING THE MATTER OR EXERCISE JURISDICTION OVER THE ADVERSARIAL PROCEEDING has been served by Electronic Notice on the 5th day of July, 2010, to the following:

Frank Perez, Esq.
McCullough, Perez & Associates, Ltd.
601 South Rancho Drive, #A019
Las Vegas, NV  89106
chrislaw@mcpalaw.com

U.S. TRUSTEE - LV - 7
USTPRegion17.LV.ECF@usdoj.gov

ACE C VAN PATTEN on behalf of Creditor DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ARGENT SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-W4
avanpatten@piteduncan.com, avanpatten@piteduncan.com

YVETTE WEINSTEIN
yweinsteinhsd@earthlink.net, NV08@ecfcbis.com

I HEREBY CERTIFY that a true and correct copy of the above reference has been served Regular U.S. Postage on the 5th day of July 2010, to the following:

GILBERT B. WEISMAN on behalf of Creditor ECAST SETTLEMENT CORPORATION
PO BOX 3001
MALVERN, PA 19355-0701

                                                /s/  SONIA LUCERO
                                                An Employee of
                                                SullivanBrown